UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| Melissa Bucano, | ) | |
|---|---|---|
| *Plaintiff*, | ) | C.A. No. 15-67 Erie |
| v. | ) | |
| | ) | ORDER ADOPTING IN PART THE REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE BAXTER TO DENY DEFENDANTS' MOTIONS TO DISMISS |
| Keith Austin, et al., | ) | |
| *Defendants*. | ) | |

Before the Court is the Report and Recommendation ("R&R") of the Honorable Susan Paradise Baxter, United States Magistrate Judge, recommending that the Court deny the motions to dismiss filed by Keith Austin and members of Pennsylvania's State Correctional Institution at Cambridge Springs, respectively. Both sets of defendants filed objections, and Plaintiff filed a response to those objections. Having reviewed the Complaint, the briefs of the parties, the R&R, and Defendants' Objections, the Court adopts in part the decision of the Magistrate Judge.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Melissa Bucano is a former inmate who, from 2012 through 2013, was incarcerated at Pennsylvania's State Correctional Institution ("SCI") at Cambridge Springs. Compl. ¶¶ 12, 59. Defendant Austin was a correctional officer ("CO") assigned to the area in which Plaintiff was housed. *Id.* ¶ 15. The remaining defendants, collectively the "Cambridge Springs Defendants," served as various supervisors, administrators, and COs during Plaintiff's incarceration at the facility.[1] *Id.* ¶¶ 5-12.

---

[1] The individual defendants held the following titles at SCI Cambridge Springs: Wilkes was the Superintendent; Clark was a Deputy Superintendent; Hall was a Deputy Superintendent; Sitting was a Unit Manager; Boylan was a Grievance Counselor; Lt. Wilkes was partly in charge of

The following are Plaintiff's allegations, which, in the context of a motion to dismiss, the Court must accept as true. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Beginning in February 2013, Defendant Austin subjected Plaintiff to a series of inappropriate sexual comments and unwanted sexual contact. *Id.* ¶¶ 19-23. For instance, in March 2013, Austin ordered Plaintiff to enter the COs' private bathroom with him. *Id.* ¶ 24. When Plaintiff tried to leave, Austin blocked the exit, asking Plaintiff to expose parts of her body. *Id.* ¶¶ 25-27.

On several other occasions, Austin conducted a number of pat searches on Plaintiff, during which time he ran his fingers under Plaintiff's brasserie, up her legs, and on to her genitals, while making sexually-suggestive remarks. *Id.* ¶¶ 31-33. On at least one occasion, Plaintiff felt Austin's fingers enter her vagina. *Id.* ¶ 35. On another occasion, Austin demanded Plaintiff perform oral sex. *Id.* ¶ 44. Austin also attempted to watch Plaintiff shower on several occasions. *Id.* ¶¶ 40-43.

On June 2, 2013, Plaintiff submitted documentation to Defendant Wilkes, SCI Cambridge Spring's Superintendent, stating Plaintiff was "having trouble" with a CO who worked in the block in which she was housed. *Id.* ¶¶ 5, 47-48. On June 4, 2013, Wilkes directed Plaintiff to meet with Sittig about these issues. *Id.* ¶¶ 8, 49. That same day, Plaintiff told Sittig about Austin's behavior, and Sittig immediately placed Plaintiff in the Restricted Housing Unit ("RHU") while they conducted an investigation. *Id.* ¶ 50.

While in RHU, Plaintiff discussed Austin's behavior with Defendants Clark and Hall, the facility's Deputy Superintendents. *Id.* ¶ 72. They responded by telling Plaintiff she would be transferred to another facility. *Id.* Plaintiff again discussed Austin's behavior with Sittig and Wilkes, and told Defendant Knaus, the Human Resources Coordinator. *Id.* ¶¶ 57, 85. All three

---

security; Knaus was a Human Resources Coordinator; and Zakostelecky was a correctional officer. Compl. ¶¶ 5-12.

defendants directed Plaintiff not to tell anyone, including the facility's medical staff, about Austin's behavior. *Id.* ¶¶ 57, 85.

On July 12, 2013, Plaintiff was transferred to another facility, SCI Muncy, where she was housed until her release from custody. *Id.* ¶¶ 59, 73-77. In December 2013, Austin was fired.[2] *Id.* ¶ 64.

On February 23, 2015, Plaintiff filed the present 42 U.S.C. Section 1983 action against defendants in their personal capacity. Compl., Doc. 1.; Am. Compl., Doc. 13. Plaintiff alleges that Austin violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment by sexually harassing and abusing her (Count I). She further alleges that Austin intentionally inflicted emotional distress upon her (Count VI). Plaintiff also alleges that the Cambridge Springs Defendants violated her Eighth Amendment right by acting with deliberate indifference to her safety and medical needs (Counts II-V).

On August 12, 2015, Austin filed a motion to dismiss Count I.[3] Doc. 20. On August 13, 2015, the Cambridge Springs Defendants filed a motion to dismiss Counts II through V. Doc. 22.

On February 12, 2016, Magistrate Judge Baxter issued her R&R, recommending that the motions to dismiss be denied. Doc. 26. Both sets of defendants timely filed objections. Doc. 27; Doc. 28.

## II. STANDARDS OF REVIEW

When a party objects to an R&R, the district court must review *de novo* those portions of the R&R to which objection is made. *See United States v. Raddatz*, 447 U.S. 667, 673 (1980); Fed. R. Civ. P. 72(b). However, to obtain *de novo* review, a party must clearly and specifically identify

---

[2] Austin has since been rehired and continues to work for the Pennsylvania Department of Corrections. Compl. ¶ 78.
[3] Austin has not moved to dismiss Count VI. *See* Doc. 20.

those portions of the R&R to which it objects. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the Magistrate Judge. *Raddatz*, 447 U.S. at 673-74.

To survive a motion to dismiss made pursuant to Rule 12(b)(6), a plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Well-pled allegations in the complaint must be taken as true and construed in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. However, the complaint need not set out the facts in detail. Instead, it must demonstrate a "reasonable expectation that discovery will reveal evidence of the necessary element." *Phillips v. Cty. of Allegheny*, 515 F.3d 232, 234 (3d Cir. 2008) (internal citation omitted). The purpose of the complaint is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545

### III. ANALYSIS

#### A. Plaintiff's Requests For Declaratory Relief Are Moot

Plaintiff seeks a declaratory judgment stating that Defendants' actions violated her rights. Defendants argue in their Objections that Plaintiff's requests for declaratory relief are moot because she is no longer in custody at SCI Cambridge Springs and, therefore, cannot demonstrate a substantial likelihood of future injury. Defs. Mot. Dismiss, Doc. 22 at 6. The Magistrate Judge ruled that the possibility that Plaintiff could be transferred back to the institution in which she was

allegedly harmed still existed. R&R, Doc. 26 at 12. The Court finds that Plaintiff is no longer incarcerated and therefore disagrees. Compl. ¶ 3. Defendants are correct that Plaintiff's requests for declaratory relief are moot.

A plaintiff requesting declaratory relief must be "seeking more than a retrospective opinion that he was wrongly harmed by the defendant." *Jordan v. Sosa*, 654 F.3d 1012, 1025 (10th Cir. 2011) (citing *Ashcroft v. Mattis,* 431 U.S. 171, 172 (1977)). Accordingly, a court can grant declaratory relief only if there is a "reasonable likelihood" that the harm is going to occur again. *Abdul-Akbar v. Watson*, 4 F.3d 195, 206 (3d Cir. 1993) (citing *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)). This circuit has already held that it is not reasonably likely that a newly-freed inmate will be incarcerated again. *Cobb v. Yost*, 342 F. App'x 858, 859 (3d Cir. 2009) ("Speculation that [plaintiff] could return to prison does not overcome the mootness doctrine.")

Plaintiff requests declaratory judgments regarding the deprivation of her rights while incarcerated at SCI Cambridge Springs. Compl. at 12. However, Plaintiff is no longer incarcerated, having been released from custody. *Id*. ¶ 3. Accordingly, she cannot demonstrate a "reasonable likelihood" that the harm will occur again. Therefore, her requests for declaratory relief are dismissed as moot. *See, e.g., Cobb*, 342 F. App'x. at 859; *Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003), *as amended* (May 29, 2003).

### B. Count I - Eighth Amendment Claim Against Austin

On February 19, 2016, Austin filed a document that is ostensibly his "Objections" to the R&R. Doc. 27. However, this document is identical to his motion to dismiss. *Compare* Doc. 27 *with* Doc. 20. In fact, Austin reiterates verbatim each factual and legal argument. It is well established that a party must clearly and specifically identify those portions of the R&R to which

he objects in order to obtain *de novo* review. *Goney*, 749 F.2d at 6-7 (3rd Cir. 1984). Because Austin's objections are not specific, they do not trigger *de novo* review of the R&R.

In any event, the R&R is clearly correct; Plaintiff stated a plausible claim for relief. Austin asserts that Plaintiff failed to allege more than "*de minimis*" use of force because "many of the incidents alleged do not involve any touching on the part of the Officer." Doc. 20 at 7. Moreover, Austin asserts, "a 'less-than-significant-but-more-than-*de minimis* physical injury' is required before an emotional injury may be alleged." *Id*. (quoting *Mitchell v. Horn*, 318 F.3d 523, 533 (3d Cir. 2003)). The Prison Litigation Reform Act, which governs suits brought by prisoners, states that a prisoner cannot recover "for mental or emotional injuries suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). Thus, Austin argues, Plaintiff cannot state a cognizable Eighth Amendment claim because she has not alleged any physical injuries and Austin's pat downs involved only constitutionally-permissible *de minimis* force. Doc. 20 at 5-8. Austin is incorrect.

Plaintiff alleges that Austin sexually harassed and abused her for approximately five months beginning in February 2013. Compl. ¶¶ 19-47. This abuse involved occasions in which Austin fondled Plaintiff's breasts and inserted his fingers into her vagina. *Id*. ¶¶ 31-32. "[U]nsolicited touching of women prisoners' vagina, breasts, and buttocks by prison employees are simply not part of the penalty that criminal offenders pay for their offenses against society." *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000). Indeed, it is well established that "the Eighth Amendment prohibits all punishment, physical and mental, which is 'totally without penological justification.'" *Farmer v. Brennan*, 511 U.S. 825, (1994) (quoting *Gregg v. Georgia*, 428 U.S. 153, 183 (1976)). Sexual assault serves "absolutely no penological purpose." *Farmer*, 511 U.S. at 825. Accordingly, Plaintiff has sufficiently pled that, at the very least, Austin's

physical sexual assaults violated her Eighth Amendment right. *See, e.g.*, 42 U.S.C. § 15601(13); *Farmer*, 511 U.S. at 832. Thus, Austin's Motion is denied.

### C. Eighth Amendment Claims Against The Cambridge Springs Defendants

#### 1. Count II-IV – Plaintiff's Claim That Defendants Failure to Act Constituted Deliberate Indifference to Plaintiff's Safety

The Cambridge Springs Defendants assert that Plaintiff did not allege that they had actual knowledge of Austin's sexual misconduct prior to February 2013 when he allegedly began to harass Plaintiff. Doc. 29 at 5. Thus, Defendants argue, they were not on notice that Plaintiff's safety was at risk. Id. at 5-10. Furthermore, Defendants assert, once Plaintiff told them about Austin, Defendants removed her from Austin's supervision and otherwise responded appropriately.

"An Eighth Amendment claim against a prison official must meet two requirements: (1) 'the deprivation alleged must be, objectively, sufficiently serious;' and (2) the 'prison official must have a sufficiently culpable state of mind.'" *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). That state of mind must be one of deliberate indifference, which "requir[es] actual knowledge or awareness on the part of the defendant" who nevertheless "knowingly and unreasonably disregarded an objectively intolerable risk of harm." *Beers-Capitol*, 256 F.3d at 137 (internal citations omitted).

Plaintiff alleges that the Cambridge Springs Defendants were aware that Austin engaged in sexual misconduct against other inmates prior to February 2013. Compl. ¶¶ 45-46, 67. . *Id.* ¶¶ 45, 67-70. Plaintiff alleges that at least one other female inmate had submitted documentation to Defendant Boylan, SCI Cambridge Spring's Grievance Coordinator, alleging sexual misconduct against Austin. *Id.* ¶¶ 45-46. Defendants Sittig, a unit manager, and Zakostelecky, a CO assigned

to the area in which Plaintiff was housed, were also aware of Austin's prior misconduct. *Id.* ¶¶ 69, 70.

Plaintiff also cites to the extensive reporting procedures in place for when employees learn of sexual misconduct, and alleges that the defendants did not follow these procedures or otherwise act to protect her from Austin's misconduct. *Id.* ¶¶ 52, 53, 55, 56. Thus, though Plaintiff does not clearly assert precisely when some of the named defendants learned of Austin's behavior, she has pled sufficient facts to establish a claim that Defendants' failures to act constituted deliberate indifference to her safety. Accordingly, she has sufficiently pled Eighth Amendment claims and Defendants' Motion will be denied with respect to Counts II, III, and IV.

2. **Count V – Plaintiff's Claim That Defendants' Directive That She Not Seek Medical Care Constituted Deliberate Indifference To A Serious Medical Need**

The Cambridge Springs Defendants assert that Plaintiff cannot state an Eighth Amendment claim because she has not alleged that they were aware of her serious medical need. According to Defendants, Plaintiff has not alleged that she informed them she was "emotionally distraught or otherwise required medical or mental health care following the March 2013 incident" when Austin's fingers penetrated her vagina. Defs. Objs., Doc. 29 at 10.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104, (1976) (internal citation omitted). "This is true whe[re] the indifference is manifested . . . by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.*

Plaintiff alleges that she told Defendants about Austin's misconduct and that Defendants directed her, at least twice, not to tell others, including medical staff, about Austin's behavior. Compl. ¶¶ 57, 65. Plaintiff alleges that defendants so directed her when she was housed in RHU.

*Id.* ¶ 57. Plaintiff makes clear in her opposition brief that inmates in RHU cannot access medical care without the permission of prison staff. Doc. 24 at 10. Plaintiff also alleges that in July 2013, she suffered an emotional breakdown; and as of at least June 2015, Plaintiff continues to suffer from PTSD, depression, insomnia, nightmares, an erratic appetite, and headaches. *Id.* ¶¶ 80-81. Thus, Plaintiff has pled sufficient facts to allege that Defendants' directives effectively denied or delayed her access to medical care and constituted deliberate indifference to her serious medical need. Accordingly, she has sufficiently pled an Eighth Amendment claim and Defendants motion will be denied with respect to Count V.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint adequately pleads claims for Eighth Amendment violations on the part of Defendant Austin and the Cambridge Springs Defendants. Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss are **GRANTED AS TO PLAINTIFF'S CLAIM FOR DECLARATORY RELIEF AND DENIED AS TO ALL OTHER CLAIMS**.

DATED this 14th day of March 2016.

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE